IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERIC THOMAS WRHEL,

                Plaintiff,

v.                                               OPINION and ORDER

STATE OF WISCONSIN and                     19-cv-727-jdp
WISCONSIN DEPARTMENT OF REVENUE,

                Defendants.

---

Eric Thomas Wrhel, appearing pro se, alleges that the state of Wisconsin is wrongfully garnishing his wages to pay incorrectly calculated delinquent taxes. Wrhel has already been granted leave to proceed in forma pauperis without prepaying any portion of the filing fee for this action.

The next step would ordinarily be for me to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. But in his motion for leave to proceed in forma pauperis, Wrhel states that he wants me to recuse "for negligence under docket 16-cv-758-jdp." Dkt. 4.

In the '758 case, I granted the United States' motion for summary judgment on Wrhel's claim under 26 U.S.C. § 7422 for refund of federal taxes collected because the IRS had already refunded Wrhel the amount that it had incorrectly collected. Dkt. 135 in the '758 case, at 11. I granted judgment in Wrhel's favor on his claim for damages under 26 U.S.C. § 7433 for IRS employees negligently violating its rules by sending notices to the wrong address. *Id.* at 15. But I rejected Wrhel's contention that he was entitled to damages for severe emotional harm he

suffered from the IRS's actions. *Id.* at 20. I awarded him $400 in damages, the filing fee for the case. *Id.* at 21.

Wrhel does very little to explain why he thinks that I should recuse myself. In an attachment to his complaint, Wrhel says that I "failed negligently to hold the people involved responsible" and that I "negligently failed to subpoena evidence that would collaborate the timing of these events and show that nefarious actions were plentiful by the IRS." Dkt. 3, at 7. Recusal is not called for simply because I have made rulings that Wrhel disagrees with. He does not suggest that my summary judgment rulings dismissing his refund claim or limiting his damages was the result of bias against him or any other improper reason. And it is not the court's duty to collect evidence to prove his claims; that was Wrhel's duty. Because Wrhel does not provide a persuasive reason for me to recuse myself, I will deny his motion.

As for screening Wrhel's current complaint, I must accept his allegations as true, *see Bonte v. U.S Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010), and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). But even after applying these standards, I conclude that he fails to state a plausible claim for relief that may be heard by this court.

Wrhel sues the state of Wisconsin and its Department of Revenue, saying that the state incorrectly assessed him with having almost $500,000 in income in 2016, and for improperly collecting it. But much of the fact section of his complaint recounts the events of the '758 case, about his 2010 to 2013 federal taxes.[1] Those events do not appear to have any relation to his 2016 state taxes, so I will disregard those allegations.

---

[1] Wrhel places his factual allegations in a document attached to his complaint. Dkt. 3.

I'll focus on Wrhel's allegations that the state miscalculated his income, improperly issued a notice of wage garnishment to his employer, violated state regulations by beginning garnishment before 30 days after the initial notice, and filed an unlawful tax warrant in state court. Even assuming that these allegations are true, this federal court cannot entertain any claims based on the allegations. Wrhel seeks damages and injunctive relief. His claims for damages are barred by the by the state's sovereign immunity. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). He invokes 26 U.S.C. §§ 7422 and 7433, but those statutes provide for claims against the federal government; they do not apply to states.

As for his claims for injunctive relief, even assuming that Wrhel potentially states a claim for violation of his federal constitutional rights, longstanding principles of comity prevent this court from allowing him to bring those claims here. The United States Supreme Court has held that "taxpayers are barred by the principle of comity from asserting § 1983 actions [for violation of one's constitutional rights] against the validity of state tax systems" when state law furnishes an adequate legal remedy. *Fair Assessment in Real Estate Assn., Inc. v. McNary*, 454 U.S. 100, 116 (1981). Taxpayers must first exhaust state remedies. Wisconsin Statute § 71.88 sets forth procedures to appeal tax decisions to the state Department of Revenue and then to the Tax Appeals Commission. Only after exhaustion may taxpayers seek review of the state court decision in the United States Supreme Court. *Heyde v. Pittenger*, 633 F.3d 512, 520 (7th Cir. 2011). Because this court cannot entertain any of his claims, I will dismiss the case.

ORDER

IT IS ORDERED that:

1. Plaintiff Eric Thomas Wrhel's motion for my recusal, Dkt. 4, is DENIED.

2. This case is DISMISSED.

3. The clerk of court is directed to enter judgment in favor of defendants and close the case.

Entered October 15, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge